O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG 2 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTHONY NETT,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Case No. EDCV 10-1868 RNB

ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

Disputed Issue Nos. 1 and 2 both are directed to the determination by the Administrative Law Judge ("ALJ") of plaintiff's residual functional capacity ("RFC"). The Court will address Disputed Issue No. 2 first.

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

As a preliminary matter, the Court notes that a treating physician may render an opinion on the ultimate issue of disability. See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("In disability benefits cases such as this, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work. . . . A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record. . . . In sum, reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) (finding that ALJ had failed to give sufficiently specific reasons for rejecting the conclusion of plaintiff's treating orthopedist that plaintiff was "permanently disabled from his medical condition as well as his orthopaedic problems"). To the extent that the Commissioner has cited the unpublished panel decision in Martinez v. Astrue, 261 Fed. App'x 33, 35 (9th Cir. 2007) for a contrary proposition, the Court notes that Martinez has no precedential value and finds that it has no persuasive value in light of Reddick and Embrey. See Ninth Circuit Rule 36-3.

The Court therefore rejects the Commissioner's contention that Dr. Lasala's opinion regarding plaintiff's ability to work was a matter reserved to the Commissioner because (a) although that was one of the reasons provided by the ALJ for rejecting Dr. Melzer's opinions, it was not one of the reasons provided by the ALJ for rejecting Dr. Lasala's opinions, and the Court consequently is unable to consider it (see Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.")); and (b) even if the ALJ had provided that reason for rejecting Dr. Lasala's opinions, it would not have been a legitimate reason under Reddick and Embrey.

Further, the Court finds that the Commissioner's reliance on Social Security

Ruling ("SSR") 96-2p is misplaced. The factors cited in SSR 96-2p merely go to the issue of whether a treating source's opinion is entitled to controlling weight. The fact that Dr. Lasala's opinions were not entitled to controlling weight begs the question of whether the ALJ provided the requisite specific and legitimate reasons for rejecting those opinions.

Nevertheless, the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider the opinions regarding plaintiff's inability to work that are reflected on the Work Capacity Evaluation form completed by Dr. Lasala on September 11, 2009 (AR 234-35) and on the "Medical Source Statement" signed by Dr. Lasala on March 19, 2010 (AR 229). The Court concurs with the ALJ that those opinions were inconsistent with Dr. Lasala's earlier treatment notes that assessed plaintiff's affect, memory, intellectual functioning, cognition, orientation, and thinking as being intact. The Court also concurs with the ALJ that Dr. Lasala's opinions on the Work Capacity Evaluation form were not supported by Dr. Lasala's treatment records or any of plaintiff's other treating physicians' treatment records. The law is well established in this Circuit that the Commissioner need not accept a treating physician's opinion that is brief, conclusory, and inadequately supported by clinical findings. See, e.g., Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that contradiction between doctor's treatment notes and finding of disability was valid reason to reject treating physician's opinion).

With respect to Disputed Issue No. 1, the Commissioner appears to implicitly concede that a limitation to simple one to two step tasks is a more severe limitation than that found by the ALJ, when he only limited plaintiff to "unskilled work." The

Court therefore concurs with plaintiff that the ALJ erred in his RFC determination because he failed to explain why he implicitly rejected the opinion of Dr. Loomis, one of the State agency physicians, that plaintiff's mental impairment limited him to "understanding, remembering and carrying out simple one to two step tasks." (See AR 175; see also AR 188.) The Commissioner's Regulations provide that, although ALJs "are not bound by any findings made by [nonexamining] State agency medical or psychological consultants, or other program physicians or psychologists," ALJs must still "consider [their] findings and other opinions ... as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled," because such specialists are regarded as "highly qualified ... experts in Social Security disability evaluation." See 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). The Regulations further provide that "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." See 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii); see also SSR 96-6p ("Findings ... made by State agency medical and psychological consultants ... regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions.").[2] Here, in excluding from his RFC determination Dr. Loomis's opinion that plaintiff's mental impairment limited him to performing simple one to two step tasks, the ALJ implicitly rejected that opinion without providing any reason for doing so. This constitutes error. See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); SSR 96-8p, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

adjudicator must explain why the opinion was not adopted.").[3]

Moreover, the Court is unable to find that the ALJ's error in this regard was harmless or to affirm the ALJ's vocational determination, which the ALJ made without the benefit of vocational expert testimony (i.e., Disputed Issue No. 3). According to the Dictionary of Occupational Titles, all the examples of jobs cited by the ALJ required a reasoning level of two. (See AR 16.) Thus, if plaintiff's mental impairment limited him to performing one to two step tasks, he would not be capable of performing those jobs. See Reaza v. Astrue, 2011 WL 999181, *4 (C.D. Cal. Mar. 21. 2011) ("Plaintiff's limitation to simple one and two part instructions is consistent with a reasoning level of 'one.'"); Grigsby v. Astrue, 2010 WL 309013, *2 (C.D. Cal. Jan. 22, 2010) (explaining that a limitation to simple repetitive work would allow for the ability to perform jobs at Reasoning Level 2, as defined by the DOT, but that a further limitation to one- or two-step instructions limited the individual to Reasoning Level 1 jobs); see also Coleman v. Astrue, 2011 WL 781930, *5 (C.D. Cal. Feb. 28, 2011) (following Grigsby); Diaz v. Astrue, 2010 WL 5313504, *2-*3 (C.D. Cal. Dec. 20, 2010) (same); Navarro v. Astrue, 2010 WL 5313439, *5 (C.D. Cal. Dec. 16, 2010) (same).

//
//

---

[3] The Court also concurs with plaintiff that, by not incorporating into his RFC assessment any limitation on plaintiff's ability to interact appropriately with the general public, the ALJ was implicitly rejecting the opinion of Dr. Loomis that plaintiff was moderately impaired in that area of functioning, and therefore might have difficulty dealing with the demands of general public contact. (See AR 174-75, 188.) Although the ALJ purported to provide reasons for why he rejected the consultative examiner's opinion that plaintiff was markedly impaired in the ability to relate and interact with coworkers and the public (see AR 13, 172), the ALJ did not purport to provide any reasons for rejecting Dr. Loomis's opinion that plaintiff's was moderately impaired in the ability to interact appropriately with the general public. This also was error under the authorities cited above.

5


## ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, supra.

This is not an instance where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings.

DATED: August 23, 2011

*/s/ Robert N. Block*
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE